# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:00CR00063 |
| | ) | |
| **v.** | ) | **OPINION AND ORDER** |
| | ) | |
| **LANCE BISHOP STEGLICH**, | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Lance Bishop Steglich, pro se.*

The defendant was convicted and sentenced in this court in 2001 of conspiracy to possess with the intent to distribute and distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999).  In 2008, the court reduced his sentence from 200 months imprisonment to 160 months, based on the lowering of the crack cocaine guidelines, made retroactive by the Sentencing Commission.  *United States v. Steglich*, No. 3:00CR00063 (W.D. Va. Mar. 26, 2008).  He has now filed another motion for reduction of his sentence, based upon the recent enactment of the Fair Sentencing Act of 2010 (the "Act"), Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). Among other things, the Act reduced the drug weight disparity between powder and crack cocaine from 100-to1 to 18-to-1, as they apply to the applicable minimum and maximum sentences.

As the defendant recognizes in his pro se motion, the Act did not provide for its retroactive application. Penalties in place at the time a crime is committed apply, even in the face of a new enactment, unless the new law expressly provides for its retroactive application. *United States v. Carradine*, No. 08-3220, 2010 WL 3619799, at *4-5 (6th Cir. Sept. 20, 2010) (rejecting retroactive application of the Act). Nevertheless, the defendant argues that not to apply the Act retroactively would violate his constitutional rights to due process and equal protection of the laws.

Regardless of the merits of the defendant's argument, the application of the Act to him would make no difference in his sentence. While he was subject to a mandatory minimum sentence of 10 years of imprisonment because of the drug weight to which he stipulated in his plea agreement, *see* 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2010), he was sentenced above the mandatory minium, based on the applicable Sentencing Guidelines range. The Act made no changes to that range. Moreover, the defendant stipulated to a drug quantity of more than 1.5 kilograms of crack, much more than the 280 grams which under the Act requires a mandatory minimum of at least 10 years and provides a maximum sentence of life imprisonment.

Accordingly, it is **ORDERED** that the Motion to Reduce Sentence Under 18 U.S.C. § 3582 ( ECF No. 345) is DENIED.

The clerk will send a copy of this Order and Opinion to the defendant at his place of confinement.

ENTER: September 28, 2010

/s/ JAMES P. JONES
United States District Judge